Jones *v.* Sprague.

MICHAEL JONES, plaintiff in error, *v.* JOHN SPRAGUE, defendant in error.

*Error to White.*

A bill of exceptions must be signed and sealed by the judge who tried the cause in which it is taken.

In the transcript of the record, the name of the judge and a *locus sigilli* should appear at the end of the bill of exceptions, else the Supreme Court will not recognise the bill of exceptions as a part of the record. Unless the name of the judge is copied with the bill of exceptions, the Court will presume that he did not sign it.

A writ of *certiorari* for diminution of record was granted after the argument of a cause had been commenced.

3  55
25a 249

3  55
30a  83

3  55
51a 582

3  55,
78a 390

3  55,
79a 336

3  55
82a 388

3  55
84a 620

3  55
86a 673

AFTER this cause was argued in part in the Supreme Court, it being objected by the counsel for the defendant in error, that the bill of exceptions was not signed and sealed by the judge of the Court below, a writ of *certiorari* was granted to the Circuit Court of White county, to send up a complete record, it being suggested by the counsel for the plaintiff in error, that the original bill of exceptions was signed and sealed by the judge, but the clerk had omitted to copy the name of the judge, and to attach the *locus sigilli* to the end of the bill of exceptions in the record.

The writ not being returned at the next term, the Court proceeded to give its decision in the case.

This cause was heard in the Court below before the Hon. Justin Harlan, at the October term, 1837. Judgment was rendered for the defendant.

O. B. FICKLIN and H. EDDY, for the plaintiff in error.

D. J. BAKER, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

The assignment of error in this case questions the correctness of the Circuit Court in overruling objections to the testimony offered by the defendant below. On the argument it was objected that the bill of exceptions had not been signed and sealed by the judge who tried the cause.

After the rendition of the judgment of the Court, who had tried the cause without a jury, by consent of the parties, the record states " to which opinion of the Court the plaintiff, by his counsel excepts, and thereupon filed his bill of exceptions to the opinion of the Court, which said bill of exceptions is in the following words and figures, viz." The record then contains what purports to be a bill of exceptions, but is without the signature and seal of the judge, or even a statement that the judge had signed and sealed it.

Bills of exceptions were first introduced by the statute of West-

minster 2, 13 Edward 1, chap. 3 ; and by that act and the practice arising under it, the judge who signed the bill was required by writ to come into the appellate court to confess or deny the seal affixed to the bill of exceptions. The legislature of this State, doubtless to remedy the onerous duty of the judge in coming to Court to acknowledge or deny his seal, and the delay to the party in suing out the writ, have declared if during the progress of any trial in any civil cause, either party shall allege an exception to the opinion of the Court, and reduce the same to writing, it shall be the duty of the judge to allow the said exception, and to sign and seal the same ; and the said exception shall thereupon become a part of the record of such cause.

Now from any thing that appears in this record, the judge, when he was presented the bill of exceptions, may have refused to sign it. It being on the files of the Court, as the exceptions prepared by the defendant, furnishes no evidence of its allowance by the judge. The name of the judge, with a *locus sigilli,* ought to have appeared at the end of the bill of exceptions, to justify this Court in treating it as a legal part of the record. The objection, therefore, that the judge had not signed and sealed the bill of exceptions is fatal. Judgment is consequently affirmed with costs.

*Judgment affirmed.*