# CHARLESTON.

## COMMONWEALTH, USE &C. v. HALL.

March 1, 1875.

1875.
January Term.

A bill or exceptions to the opinion of the court overruling a motion for a new trial, not being signed by the judge, does not become a part of the record, and the evidence therein reported can not be examined by an Appellate Court.

*Supersedeas,* granted by a Judge of this Court on the petition of the Commonwealth of Virginia suing for the use of M. P. Amiss, commissioner, relator, who sued for the use of John Hall and Daniel Boughner, late partners under the firm name of Hall & Boughner, the plaintiff below, to a judgment of the circuit court of Wood county rendered on the 23d day of January, 1874, in the name and for the benefit aforesaid, against Cyrus Hall and Lewis A. Phelps, surviving obligors of themselves and E. McClaskey, deceased. The action was founded upon a bond with conditions.

The opinion of the Court contains a statement of so many of the material facts as is necessary to understand the principles adjudicated here.

The Hon. Joseph Smith, judge of the circuit court of Jackson county, presided at the trial below.

*George Loomis,* for the appellant.

*Scott & Cole* and *Walter S. Sands,* for the appellees.

PAULL, JUDGE :

The plaintiffs bring an action of debt for the recovery of an amount claimed to be due by the defendants on a

conditional bond given by them for the proper discharge of their duties as commissioners appointed to make sale of land under a decree in chancery.

Defendants plead payment and conditions performed. The parties waiving a jury, the matters of law and evidence arising in the cause were submitted to the court and the court having heard the evidence in full, and the arguments of counsel was of opinion that the plaintiffs are not entitled to recover anything of the defendants in this cause. And the court was further of opinion that the defendants are entitled to recover of John Hall and Daniel Boughner, late partners as Hall & Boughner, on account of their off-sets filed against them in this cause the sum of $238.74, with interest, &c. Thereupon the plaintiffs moved the court to set aside the said judgment so rendered in this cause, and to grant a new trial therein on the ground that the said judgment was contrary to the evidence, which motion was overruled; and thereupon the plaintiff tendered a bill of exceptions, which it is said, was read, signed and sealed by the court, and ordered to be made a part of the record in this cause. From this judgment of the court, in refusing to grant a new trial, an appeal has been obtained to this Court.

Upon examining the record, we do not find that the name of the judge is signed to the bill of exceptions; and on inspecting the manuscript record his name does not seem to be found. This omission, we apprehend, is fatal to the bill of exceptions; for, without the signature of the judge, it does not become a part of the record. The ninth section of chapter one hundred and thirty-one of the Code provides that a party excepting to any opinion of the court may tender a bill of exceptions, which the judge shall sign, and it shall be a part of the record of the case. As no other questions are raised in this case, except the sufficiency of the evidence to sustain the judgment, and all evidence being thus excluded, all that is left to do is to affirm the judgment.

We may add, however, that we have looked into the bill of exceptions, and find that the evidence is certified, and not the facts; in which case, in accordance with the established rule in *Carrington v. Goddin*, 13 Gratt. 587, acted upon by the courts of Virginia and of this State, the Court will reject all the parol evidence of the exceptor, and give full force and credit to all the evidence of his adversary, and will not reverse the judgment unless it there appears wrong. Upon examining the evidence, under the application of this rule, we find that the pleas of the defendants to the plaintiff's action, as well also as their claim to the amount for which judgment was rendered in their favor, are fully and amply sustained by the proofs. In an action of law, where the parties waive a trial by jury and submit the whole matter of law and fact to the judgment of the court, and an exception is taken to its judgment, the bill ought to state the facts proved, and not the evidence. And it will be treated as governed by the principles applicable to exceptions taken to the opinion of the court overruling a motion for a new trial, on the ground that the verdict is contrary to the evidence. *Pryor v. Kurn*, 12 Gratt. 615.

The judgment of the circuit court of Wood county, rendered on the 23d day of January, 1874, is affirmed, with costs and damages according to law to the appellees, Cyrus Hall and Lewis A. Phelps.

The other Judges concurred.

JUDGMENT AFFIRMED.