# CHARLESTON.

ADKINS *et al. v.* GLOBE FIRE INSURANCE CO.

Submitted June 18, 1898—Decided November 30, 1898.

1. BILL OF EXCEPTIONS—*Signing—Appellate Court.*

   A bill of exceptions must be signed by the judge, else it cannot be considered in the appellate court.   (p. 385).

2. BILL OF EXCEPTIONS—*Record—Attestation by Clerk.*

   The record entered in the law order book of a circuit court must attest that a bill of exception was executed and made part of the record, else such bill cannot be considered, though inserted in the record by the clerk.   (As to exceptions shown by order, where there is no bill of exceptions.)   (p. 386).

3. FOREIGN CORPORATIONS—*Service of Process—Return—Amendment of Return.*

   A return of service of a summons in an action against a foreign insurance or other corporation upon an attorney appointed by it to accept service of process must show that he is the attorney so appointed to accept service of process.   A return showing a delivery of a summons to "Alf. Paul, attorney in fact and of record for said Globe Fire Insurance Company," is bad, in not designating for what purpose he is attorney.   Judgment on it is void.   The return may be amended.   (pp. 386, 389).

4. SERVICE OF PROCESS—*Acceptance of Service.*

   "Service accepted, Sep. 6, 1897.   Alf. Paul," is a bad acceptance.   (p. 388 ).

5. INSURANCE—*Proof of Loss—Condition Precedent.*

   A policy of insurance provides that proof of loss shall be furnished in sixty days after loss, and the loss payable in sixty days after such proof furnished.   The furnishing such proof is a precedent condition to action or recovery, if not waived, and the plaintiff carries the burden of showing that such proof was furnished; but he need not show it unless the defense has pleaded the failure to furnish such proof.   (p. 388).

Error to Circuit Court, Kanawha County.

Action by M. A. Adkins and Nora B. Shoemaker against the Globe Fire Insurance Company.   Judgment for plaintiffs.   Defendant brings error.

*Reversed.*

Adam B. Littlepage, for plaintiff in error.

L. A. Martin and J. W. Kennedy, for defendants in error.

Brannon, President:

In an action of *assumpsit* in the circuit court of Kanawha County, brought upon a policy of fire insurance by Adkins and Shoemaker against the Globe Fire Insurance Company, of the City of New York, the defendant not appearing in defense, a jury tried the case, and found a verdict for the plaintiffs, on which the court entered judgment.   Afterwards, during the term, the defendant appeared, and moved for a new trial, but the court refused, and the defendant comes to this Court for relief.

The error assigned is the refusal to set aside the verdict.   The grounds on which the defendant based its motion were that the verdict was contrary to the law and evidence, and because of facts shown in a petition for a new trial and certain affidavits to support it.   The plaintiffs deny the right of defendant to have this Court consider the affidavits or the evidence on the ground, as claimed by them, that three papers printed in the record as bills of exception are not part of the record, because two of them are not signed by the judge; and that, though one is signed there is no evidence in the record to show its execution. A bill of exception must be signed by the judge.   Even if the record state that it was signed, and it is not, it is not good; for the bill is equally admissible as a part of the record on the question of signing, and it is found not signed. Without signature, how can we say that the bill was finally settled, or the truth stated therein, or the paper a genuine one?   The order calls for a paper signed, and it is not, and cannot be the one called for by the order.   The Code demands that it be signed.   As early as *Gordon* v. *Brown's Ex'r*, 3 Hen. & M., 219, it was held that "a paper

intended as a bill of exceptions to an opinion of the district court (two judges being present) ought not to be considered as such, if not signed by both." In *Com.* v. *Hall*, 8 W. Va., 259, though the record said a bill was signed, but it was not, this Court held that "a bill of exceptions to the opinion of the court overruling a motion for a new trial, not being signed by the judge, does not become a part of the record, and the evidence therein cannot be examined by an appellate court." Upon a like statute with ours it has been so twice decided in Illinois. *Jones* v. *Sprague*, 3 Ill.,55; *Reeves* v.*Reeves*, 54 Ill., 332. So in various states. Throop, Trials, § 2807. This rule of practice is important to be observed. Let us see if there are three separate bills of exception, and two of them unsigned. We ought to give liberal construction, to give to the party his exception. It is clear that the evidence was inserted in the bill, and later other matters were introduced for new trial, and that the whole paper is but one bill, its matter put in at different times during the term, as shown by different dates of the term stated in it, and by the language in opening, "Be it remembered," and in succeeding sections, "And be it further remembered," and the fact that no section has any seal or signature, and that such signature and seal are in due form at the close. So we must consider the bill if the record attests its execution. This it must do. *Bank* v. *Showacre*, 26 W. Va., 49. I find an order stating that defendant moved for a new trial, and in support of his motion submitted certain affidavits and his sworn petition, and that the court refused a new trial, "to which ruling of the court the defendant objected, and prayed that said exception be signed, sealed, and saved to it, and made part of the record; which is done." This surely attests the execution of the bill of exception.

We now examine the grounds for a new trial. One is surprise. This is based on the claim that the company had no notice of the suit, did not know that such a suit existed until the day of trial, when, after the case was called for trial, a telegram was sent from Charleston to the agent at Wheeling, informing him of the suit, and likely this did not reach the agent until the verdict had been rendered, and perhaps the judgment. Process was served in Ohio

County upon Alf Paul, as attorney in fact and of record for the company, and he accepted service besides. Paul makes affidavit that he has no recollection of service upon him, or of acceptance by him, and he is sure no copy was ever given him. The return of an officer upon process cannot be so contradicted. *Stewart* v. *Stewart*, 27 W. Va., 168. If we recognize this return, it follows that the alleged surprise is no ground for a new trial, as a party must not neglect or forget, but must appear and defend. His negligence or his misfortune in allowing the suit to escape his memory cannot prejudice the other party, he having done all the law required of him. *Post* v. *Carr*, 42 W. Va., 72, (24 S. E. 583). But is the return good on its face? I think not. It says that the summons was served "by delivering a copy to Alf. Paul, attorney in fact and of record for said Globe Fire Insurance Company." Attorney in fact for what purpose? To make a deed, or sell property, or accept service of process? The return does not say. The rule is that, where there is substitutionary service, not personal, the elements to make the service good in law must appear. If service be not on a defendant personally, but on some one for him, the return must state on whom service is made, and that the person is his wife, or member of his family, and over sixteen years of age, etc. The facts making the substitute a proper person for service under the law must appear. If he is president, director, cashier, or mayor, it must be so stated. This return should have stated that Paul was attorney appointed by the company to accept service of process. The sheriff must necessarily hunt and find the proper person for service, and be able to state that he is such. This return says that Paul was attorney of record. This does not help. If attorney for any purpose his power might be of record. We cannot assume therefrom that he was attorney to accept service. In fact, an appointment of an attorney for a foreign insurance company like this is not required, like a domestic corporation, under Code, c. 54, s. 24, to be recorded, but is only "filed" in the auditor's office by chapter 34, s. 15. *Frazier* v. *Railway Co.*, 40 W. Va., 224, (21 S. E. 723), holds that a summons against a corporation "may be on any person appointed pursuant to

law to accept service," and I notice the return there so showed, and I think such is the practice. The Code, in chapter 50, s. 38, which is applied by chapter 49, s. 6, requires that the return of service in suits against corporations must show "on whom" the service was. This does not mean merely his name, but his character or relation to the company to show the court that he is one who bears the relation to the company which preceding sections have pointed out as authorizing service. It must mean this, because those sections just before this pointed out the relations authorizing service. Said section pronounces a return failing to comply with it "invalid," and judgment on service not complying with said section has been held void. *Railway Co. v. Ryan,* 31 W. Va., 364, (6 S. E. 924); *Taylor v. Railroad Co.,* 35 W. Va., 328, (13 S. E. 1009). An acceptance is on the process reading: "Services accepted, Sep. 6, 1897. Alf. Paul." Who is he? We do not know by judicial cognizance that he is this company's attorney to accept service and he does not say so. This being a judgment by default, the return is part of the record, and for its defect the judgment could, after the term, be reversed on motion. *Midkiff v. Lusher,* 27 W. Va., 439. Of course, this defect could avail on motion for a new trial made during the term. The motion for a new trial was also based "on errors apparent on the face of the record;" and there is such error in this case. The plaintiffs were present at the motion. The court, for this cause, ought to have given a new trial. (See note).

There is another reason given by counsel for a new trial. The policy was issued July 1, 1897. The house, occupied at the time as a liquor saloon, was burned on the night of July 3, 1897, at 11 o'clock, and suit was brought September 2, 1897. The policy provides that the insured shall make and furnish certain proof of loss within sixty days after the fire, and the loss shall not be payable till sixty days after such proof of loss shall be furnished. This Court held, in *Peninsular Land Transp. & Mfg. Co. v. Franklin Fire Ins. Co.,* 35 W. Va., 666, (14 S. E. 237), that the furnishing such proof was a condition precedent to recovery on the policy; and *Flanaghan v. Insurance Co.,* 42 W. Va., 426, (26 S. E. 513), holds that the burden of showing that

such proof of loss was furnished is on the plaintiff.    It is highly improbable that such proof was furnished so as to warrant suit on September 2d, according to plaintiff's own evidence.    It is not shown when proof of loss was furnished.    Indeed, there is nothing but hearsay to show that any was ever furnished; and that evidence, if not hearsay, would be no adequate evidence.    But, as section 64, chapter 125, Code, says that "if the defense be that the action cannot be maintained because of failure to perform or comply with, or violation of any clause, condition or warranty" of the policy, the defendant must plead the clause not performed, we cannot likely give defendant the benefit of this view.    It might be said with some plausibility that, in the absence of such plea, the plaintiff need not have entered upon the matter in evidence; but, as he did, and failed to prove what is requisite, it is to go against him as if the defendant had pleaded it.    We reverse the judgment, set aside the verdict, grant a new trial, and remand the cause for such trial.

### ON REHEARING.

In deference to counsel, I have made, on application for rehearing, further examination as to the service of process in this case.    Where a statute allows service in any other mode than by actual personal service, it is called substitutionary or constructive service, and the return must show "on its face all the circumstances which authorize this manner of service" (22 Am. & Eng. Enc. Law, 182); otherwise, judgment by default is null (4 Minor, Inst, [2d Ed.] 533; *Id.* [3d Ed.] 646).    As to corporations, they not being persons, the statute designates officers for service; and the statute must be strictly followed, else judgment by default is null.    4 Minor, Inst.,648; 6 Thomp. Corp , § 7503.    "The sheriff's return should show clearly upon what officer or agent service was made, and the character of the officer or agency; * * * and, if the return fails to show that the service was upon the identical agent provided by statute, or at the place provided, it is insufficient."  22 Am. & Eng. Enc. Law, 184.    The return must set out all the facts, so the court may judge of the sufficiency of

the service. *Hodges* v. *Hodges*, 71 Am. Dec., 388. I find the authorities strict on this point, because legal notice lies at the bottom of every suit to make judgment good. In *Dickerson* v. *Railroad Co.*, 43 Kan., 702, (23 Pac. 936), a return that service was by "delivering a copy thereof to Mr. Fish, agent of the within railroad company," was held bad, "as it contained no description or hint of the character of the agency." The court quoted a former case, saying it did not show service on any person named as service agent appointed under statute to accept service, and saying: "For aught that appears, said March may have been an agent to purchase coal or transact any temporary business. * * *" A statute allowed service on "the nearest station or freight agent," and a return showing service on "the nearest agent" was held bad, as it must describe the agent, in the language of the act, as "the nearest station or freight agent." *Haley* v. *Railroad Co.*, 80 Mo., 112. Where the statute allowed service on a "regular ticket or freight agent," a return not showing that the agent was a "regular" one was held bad in *Tallman* v. *Railroad Co.*, 45 Fed., 156. In *Railway Co.* v. *Hunt*, 39 Mich., 469, the statute allowed service on a "general or special agent" of a corporation, and a return of service on "agent of withinnamed defendant" was held bad. Judge Cooley asked: "What sort of an agent? Was he an agent to buy wood, or employ switchmen, or keep cattle off the track, or what was his agency?" "Service must be on the identical agent provided by the statute," says *Great West Min. Co.* v. *Woodmas of Alston Min. Co.*, (Colo. Sup.) 13 Am. St. Rep., 204 (s. c. 20 Pac., 771). The return must state al facts to make it good, and where it departs from the statute everything is inferred against it which such departure warrants. *Bank* v. *Suman*, 79 Mo., 531, 97 Am. Dec. 280, note; 22 Am. & Eng. Enc. Law, 183. Hence, in this case we can fairly infer that Paul may have been an attorney in fact for other purposes than to accept service. Counsel cite *Wagon Co.* v. *Peterson*, 27 W. Va., 314, where the service was on the "lawful attorney" of a foreign insurance company. The court held it *prima facie* good to prevent a judgment being regarded null and void, but did not say that, if objected to before the judgment became

final, or by motion to·set it aside for want of legal service, it would be good.  Here it is on motion to set aside the judgment before it became final.  And observe in that case the service was on a "lawful attorney," which imported perhaps one appointed by law, like "state agent," in *Stone* v. *Insurance Co.*, 78 Mo., 655, while "agent" was not good in *Gales* v. *Tuslen*, 89 Mo., 19, (14 S. W. 827); but in this case it is "attorney in fact and of record,"—not saying "lawful," not importing one appointed under the statue.  The words "of record" do not help, because no law required the appointment to be recorded.  The service is simply and only on an attorney in fact, and it· thus plainly falls under the law above that, unless the agency is defined, the service is bad.

Counsel urge that defendant appeared, not to take advantage of defective return, but to set aside judgment, and thus waived the defective return.  If it had done so before trial and judgment, this would be so.  *Mahany* v. *Kephart*, 15 W. Va., 609.  But defendant had to get rid of the judgment before it could attack the process.  It should have pointed out this defect, and thus given opportunity to the other side to amend it.  But I do not consider this a waiver, as the plaintiff is bound to see that his process is right. After a judgment is final, such defect is availed of by motion to reverse, assigning it as error.  But before the judgment is final, it strikes me that, on a motion to set aside the judgment, defendant is entitled to the benefit of the objection,—any defect in the record.  I know that for defective service a judgment by default at common law is reversible by writ of error, and not by motion, and the writ and return are part of the record. *Capehart* v. *Cunningham*, 12 W. Va., 750; *Nadenbush* v. *Lane*, 4 Rand. 413; *Midkiff* v. *Lusher*, 27 W. Va., 439.

Counsel still insist that there is no bill of exceptions, because the record does not note it.  I have shown above that it does.  But suppose it does not.  The order itself is sufficient to present the grounds of new trial without bill exceptions, as it states that defendant moved the court to set aside verdict and judgment because contrary to evidence and law, and that defendant was taken by surprise, as it did not know of the pendency of the suit, and in sup-

port of its motion filed its petition and specified affidavits; and then it says that, "after considering the affidavits aforesaid in support of said motion to set aside said verdict and judgment, and grant a new trial, the court overruled said motion and refused to set aside said verdict and judgment and grant a new trial, to which ruling the defendant objected and excepted, and prayed that said exception be signed, sealed, and saved to it; which is done." This shows the motion, and its grounds, the documents read, the action of the court, and objection and exception thereto, and the declaration of the court that such objection and exception be saved to it. What more is needed? A bill of exceptions would show no more. This is sufficient without a bill of exceptions. *Hughes* v. *Frum*, 41 W. Va., 445, (23 S. E. 604); *Perry* v. *Horn*, 22 W. Va., 381; *Mitchell* v. *Baratta*, 17 Grat., 445.

Another reason for granting a new trial, as I am clearly of opinion upon further consideration, is surprise. An attorney had been the general counsel for the company, and after the loss by fire for which this suit is brought acted for the company in the matter. When the case was called, this attorney stated to the court that he desired to make a statement to place himself right before the court and bar; that he did not appear for the company; that he had performed service for it, at an agent's request, in the matter of this loss, and a disagreement arose between him and the agent as to the amount of pay for services, which was compromised, and he retired from the company's service; and further stated that he did not understand why defendant was not appearing, and he was satisfied that there must be something wrong, and asked the court to continue the case to a later day of the term, so that he could telegraph the company as to the situation, and he was afraid the company was depending on him, and was satisfied the company did not know of the pendency of the suit; but the plaintiff pressed a trial. He did telegraph, and was answered by the agent, "No notice of suit ever served on me," as did the general office also, and was requested to defend the suit; but the verdict and judgment had been rendered. This attorney swears that he has no doubt, from the letters, papers, etc., that the company was

ignorant of the suit. The company took prompt steps, but it was too late. This appeals strongly for a new trial. The defendant has, as a matter of fact, never had a trial, and we ought to lean in favor of giving it one, as it is not a decision final in its favor, but only accords it what it should have,—a fair trial. We think that the court should have allowed a few days' time to notify the company. No longer time was asked.

*Reversed.*