# CHARLESTON.

### COAL RUN COAL COMPANY *v.* JOHN CECIL.

## Submitted May 15, 1923.     Decided May 22, 1923.

1.  EXCEPTIONS, BILL OF—*Unless Bill of Exceptions in Fact Signed by Trial Judge, It Cannot be Considered.*

    Unless a bill of exceptions is signed by the trial judge it cannot be considered by the appellate court,, although an order is entered which recites that a bill of exceptions was signed by the judge, sealed and made a part of the record. (p. 119).

2.  APPEAL AND ERROR—*Certified Transcript of Evidence can Only be Made a Part of the Record by Proper Bill of Exceptions.*

    Evidence taken down by an official stenographer and transcribed and certified by him as a true and correct transcript of the evidence is not a part of the record, and can only be made such by a proper bill of exceptions.   (p. 121).

3.  SAME—*Refused Instructions can Only be Made a Part of the Record by Proper Bill of Exceptions.*

    Instructions tendered and refused are not a part of the record unless made so by a proper bill of exceptions.   (p. 121).

Error to Circuit Court, Fayette County.

Action by the Coal Run Coal Company against John Cecil. Judgment for plaintiff.  An order was made overruling motion for new trial, and defendant brings error.

*Dismissed.*

*C. R. Summerfield,* for plaintiff in error.
*Hubard & Bacon,* for defendant in error.

LIVELY, JUDGE:

This writ is to review a judgment of the circuit court whereby possession of a tenement was given plaintiff and damages of $51.80 awarded against defendant for its detention.

The action is unlawful detainer begun before a justice of the peace on March 29, 1922, where judgment was rendered for plaintiff; an appeal therefrom was taken to the circuit court where a jury returned a verdict for plaintiff for possession of the tenement and $51.80 damages for its detention, in response to a peremptory instruction; and judgment was entered accordingly. A motion for a new trial was made and overruled, and this writ of error obtained.

The contentions of the parties are substantially as follows: Plaintiff contends that it employed defendant as a miner to work in its mines in the production of coal, and as incidental thereto put him in possession of the tenement in question, for which he was to pay $3.00 every fifteen days out of the moneys paid to him for mining coal; that the relation of landlord and tenant did not exist; that defendant was an employee and the relation of master and servant existed between them, and that whenever that relation ceased defendant had no right to remain in the tenement and could be evicted therefrom after due notice. Defendant began work at plaintiff's mines in the spring of 1920 and continued to work until about the first of September, 1921, when the mines closed down and did not begin operations until the spring of 1922. Defendant remained in the tenement during the time the mines were idle and without paying therefor. The agreed price for the tenement was to be paid out of the earnings of defendant and charged on his semimonthly statements of the work he had done and the amount due him therefor. When the mines started up in March, defendant refused to work. About that time he was notified by letter to move his effects from the tenement, but failed to do so, and on the 8th of March a formal notice was served on him to give possession of the tenement on or before the 18th of March. The suit was begun on March 29, 1922.

Defendant contends that the relation of landlord and tenant existed between him and plaintiff, and that the rental was from month to month at the stipulated price of $6.00, and that he was entitled to thirty days notice before he could be removed by process of law; that the notice to vacate was served on him on the 8th of March and the action begun on the 29th of that month, and therefore plaintiff could not maintain its suit.

The errors assigned are: (1) the giving of the peremptory instruction to find for plaintiff; (2) refusal of the court to give four instructions tendered by defendant; and (3) permitting certain jurors to remain on the panel because, upon their *voir dire* examination it was shown that they were prejudiced against an organization known as the United Mine Workers union, of which defendant appeared to be a member.

On the threshold of the case we are met with the proposition that we cannot consider the reported examination of the jurors upon their *voir dire* when they were selected; nor can we consider the evidence adduced, because neither has been made a part of the record. There are two purported bills of exceptions; one which is designated as "Defendant's Bill of Exceptions No. 1", reports to contain the examination of the jurors when they were selected; the other, designated as "Defendant's Bill of Exceptions No......", purports to contain all of the evidence submitted to the court and jury. Neither of these purported bills of exceptions is signed by the judge. Indeed, bill of exceptions No. 1 has no certification by the official stenographer. At the end of bill of exceptions No......, the stenographer has certified that as official reporter of the court: "I reported the case of Coal Run Coal Company against John Cecil, and that the foregoing is a true and correct transcript of said testimony as so reported by me. Given under my hand this 25th day of July, 1922. A. L. Fleshman, Official Reporter." The judge has not signed this alleged bill of exceptions. The vacation order by which it was attempted to make plaintiff's bills of exceptions a part of the record is as follows:

"Coal Run Coal Company, a Corporation,

      vs.  )  On Appeal, Unlawful Entry and Detainer,
John Cecil.

On this the 30th day of August, 1922, came the defendant and petitioner, by his attorneys, and presented and tendered to the undersigned Judge of the Circuit Court of Fayette County, West Virginia, in vacation of said court, his Bill of Exceptions marked for identification, 'Bill of Exceptions No. One' in this case, and it appearing to the court that all of the evidence introduced, both on the part of the plaintiff and of the defendant has been duly transcribed by A. L. Fleshman, official court reporter, and is now made a part of this record in this case; and it further appearing to the undersigned Judge that 30 days have not elapsed since the rising of this said court when the final order was entered and said Bill of Exceptions aforesaid having been carefully examined by the undersigned Judge and found to be correct and regular in all respects, the same is by me signed, sealed and saved to defendant and made a part of the records in this case and marked for identification, 'Defendant's Bill of Exceptions, No. One,' and the same is accordingly certified to the Clerk of the Circuit Court of Fayette County, who is hereby directed to file the same as a part of the records in this case and to enter this Order in the proper Order Book in his said office, as such clerk, as a vacation order.

Given under my hand this the 30th day of August, 1922.

                    J. W. Eary, *Judge.*"


It will be observed that this order attempts to make defendant's bill of exceptions No. 1 a part of the record. The bill of exceptions in the record which is styled "Defendant's Bill of Exceptions No. 1" contains only the examination of the jurors when they were placed on the panel. It will be noted also from the order that the court says it appears that all of the evidence introduced has been duly transcribed by the official court reporter and is now made a part of the record in the case; and it was evidently attempted in this manner to make the evidence a part of the record. If bill of exceptions No........ (which contains the evidence' had

been signed by the judge it is likely that we would consider that this was the bill of exceptions which is referred to in the order and erroneously designated therein as "Defendant's Bill of Exceptions No. 1," because in the order reference is made to the evidence as transcribed by the reporter. The court is always ready to give a liberal construction to the orders and the record in order to give to a party his exceptions. But the statute, sec. 9, chap. 131, Code, requires that the judge shall sign any bill of exceptions taken, and it shall be made a part of the record in the case. It is imperative that the judge sign the bill of exceptions; and it is imperative that an order be entered making the bill a part of the record. The order entered says that a bill of exceptions tendered to the court within thirty days after the rising of the court, marked for identification "Defendant's Bill of Exceptions No. 1", which was carefully examined by the judge and found to be correct and regular in all respects, and the same was signed, sealed and saved to the defendant and made a part of the record. If any such bill was signed it is not a part of the record in this case, for we find no such bill incorporated therein. A similar order was entered in *Adkins* v. *Globe Fire Ins. Co.*, 45 W. Va. 384, but the bill of exceptions referred to in the order had not been signed by the judge. In discussing the matter Judge Brannon said: "A bill of exceptions must be signed by the judge. Even if the record state that it was signed, and it is not, it is not good; for the bill is equally admissible as a part of the record on the question of signing, and it is found not signed. Without signature, how can we say that the bill was finally settled, or the truth stated therein, or the paper a genuine one? The order calls for a paper signed, and it is not, and cannot be the one called for by the order. The code demands that it be signed." Our decisions uniformly hold that a bill of exceptions cannot be considered as a part of the record unless it has been signed by the trial judge. See *Commonwealth* v. *Hall*, 8 W. Va. 259, the only point of the syllabus in which reads: "A bill of exceptions to the opinion of the court overruling a motion for new trial not being signed by the judge, does not become a part of the record, and the evi-

dence therein reported cannot be examined by an appellate court." The same is held in *Adkins* v. *Globe Ins. Co., supra; Carr & Keys* v. *Coal Co.,* 64 W. Va. 448; *Bashar* v. *Pittsburgh C. C. & S. L. R. Co.,* 73 W. Va. 39; and *State* v. *Goldstrohm,* 84 W. Va. 130. The 6th point of the last cited case is: "A bill of exceptions must be signed by the judge of the trial court, else the matter it contains cannot be considered in the appellate court." It will be noted that the official stenographer has certified that the evidence which appears in the record, both for plaintiff and defendant, is all of the evidence taken in the case; but it is well settled that evidence taken and transcribed by a shorthand reporter is not a part of the record by virtue of his certificate, and can be made so only by a proper bill of exceptions. *Tracy* v. *Carver Oil Co.,* 57 W. Va. 587; *Dudley* v. *Barrett,* 58 W. Va. 235; and *State* v. *Legg,* 59 W. Va. 315. It follows that we cannot pass upon the correctness of the ruling of the court in giving the peremptory instruction, which is by statute made a part of the record, without a formal bill of exceptions. It must be presumed that the trial court acted correctly in giving or refusing instructions, unless it appears otherwise by facts or testimony incorporated in the bill of exceptions. *Shepherd* v. *McQuilkin,* 2 W. Va. 90. It may be observed that defendant's four instructions which were refused cannot be considered. They are not incorporated in any bill of exceptions. These instructions were tendered but refused. Sec. 23 of chap. 131 makes every instruction, when read to the jury with the objections or exceptions thereto endorsed thereon, a part of the record without the formality of a bill of exceptions, but this statute, it will be noted, only makes those instructions which were read to the jury a part of the record. It is yet necessary to incorporate those instructions which are not read in a formal bill of exceptions, if they are to be reviewed by the appellate court.

We are impelled by the statute and our decisions to dismiss this writ as having been improvidently awarded.

*Dismissed.*