# CHARLESTON.

I. M. CONLEY, Contestant, *v.* SIMP THOMPSON, Contestee; *Contest for Office of Justice of the Peace, Logan District.*

(No. 5448)

ERNEST THOMPSON, Contestant, *v.* G. F. GORE, Contestee; *Contest for Office of Justice of the Peace, Logan District.*

(No. 5449)

K. P. NOWLAN, Contestant, *v.* J. W. BECKETT, Contestee; *Contest for Member Board of Education, Logan District.*

(No. 5450)

J. G. HUNTER, Contestant, *v.* ELMO GORE, Contestee; *Contest for Office of Assessor.*

(No. 5451)

A. D. COOK, Contestant, *v.* J. N. SCHWEITZER, Contestee; *Contest for Office of Commissioner of County Court.*

(No. 5453)

TENNIS HATFIELD, Contestant, *v.* EMMETT F. SCAGGS, Contestee; *Contest for Office of Sheriff.*

(No. 5454)

Submitted September 8, 1925.   Decided September 15, 1925.

1.   APPEAL AND ERROR—*Writ of Error Will be Dismissed Where Evidence Has Not Been Made Part of Record.*
    A writ of error will be dismissed as having been improvidently awarded where the evidence before the circuit court has not been made a part of the record by proper bills of exception or agreement of the parties.   (p. 629).

2.  BILLS OF EXCEPTION—*Skeleton Bill Which Provides For Copying Some Paper Into it by Clerk to be Valid Must Purport to Incorporate the Complete Paper Into, Make it a Part of and Refer to it as Annexed Unless Marked so as to Leave no Doubt That it is the One Referred to.*

While what is familiarly known as a skeleton bill of ex-- ception, that is, a bill which provides for the subsequent copying by the clerk into it and as a part of it, some paper or document, is allowed, yet, to make such a bill valid and complete, these rules must be regarded: (1) The bill, in referring to such paper or document, must purport to in- corporate it into, and make it a part of, the bill; a mere reference to it, although such as to identify it beyond doubt, or a statement that it was in evidence, is not sufficient. (2) The document must itself at the time of the signature of the bill, be in existence, written out and complete. (3) It must be annexed to the bill, and referred to as annexed; or it must be so marked, by letter, number or other means of identification as to leave no doubt, when found in the record, that it is the one referred to in the bill; and these means of identification must be obvious to all, so that any one examining the record can know what document or paper is to be inserted, or after its, insertion, that the clerk has made no mistake. (p. 627).

Error to Circuit Court, Logan County.

Action by I. M. Conley v. Simp Thompson; Ernest Thomp- son v. G. F. Gore; K. P. Nolan v. J. W. Beckett; J. G. Hunter v. Elmore Gore; A. D. Cook v. J. N. Schweitzer; Tennis Hat- field v. Emmet F. Scaggs. Judgment for plaintiffs, and de- fendants bring error.

*Dismissed.*

*E. H. Butts, M. F. Matheny* and *T. C. Townsend* for plain- tiffs in error.

*W. R. Lilly, C. C. Chambers* and *W. E. R. Byrne* for defendants in error.

LITZ, JUDGE:

The foregoing consolidated causes involve contests between Republican and Democratic candidates for office at the last general election in Logan county. The contestants, all Repub- licans, having lost successively in the county and circuit

courts, are here on writs of error to the judgments of the circuit court.

Alleged fraud and gross irregularities in the conduct of the election constitute the grounds of contest in all the cases. Before reaching the merits of the controversies, however, we are met with the proposition asserted by the contestees, that the evidence taken in the proceedings has not been properly made a part of the record, and that the writs of error should therefore be dismissed. Combatting the contention of the contestees, the contestants rely upon the stipulation of the parties and certificates and order signed by the judge of the circuit court, as follows:

"It is hereby stipulated and agreed by and between Ira P. Hager, Tennis Hatfield, A. D. Cook, J. G. Hunter, I. M. Conley, Ernest Thompson and K. P. Nowlan as contestants and John Chafin, Emmett F. Scaggs, J. N. Schweitzer, Elmo Gore, G. F. Gore, Smith Thompson, and J. W. Beckett as contestees, that the testimony, exhibits, stipulations and in fact the entire record and every part thereof in the case of *I. M. Conley* v. *Simp Thompson* and *Tennis Hatfield* v. *E. F. Scaggs* lately pending in the County Court of Logan County, West Virginia, and now pending in the Circuit Court of Logan County, West Virginia, upon appeal from judgments therein, of the County Court of said county, together with such additional evidence as may be introduced by either contestant or contestee in either of the foregoing cases shall be taken, held and treated by the Circuit Court of Logan County, West Virginia, in determining all the foregoing contested elections, as though taken and offered in each of the foregoing contests respectively pending in this Court between the contestants and contestees above named, so far as applicable, the same to be considered in all respects as though taken and offered in each and as a part of the proceedings of each of said contests respectively.

"It is further agreed that this agreement and stipulation shall be entered of record by the Circuit Court of Logan County, West Virginia, and that the foregoing contests shall be placed on

the docket and heard and determined by said Circuit Court at either a regular or special term of said Court.

> "E. H. BUTTS,
> M. F. MATHENY,
> T. C. TOWNSEND,
>    *Counsel for Contestants.*
> "W. R. LILLY,
> C. C. CHAMBERS,
>    *Counsel for Contestees.*"

"TENNIS HATFIELD, *Contestant.*

v.    )    Upon Contest for the Office of Sheriff.

EMMETT F. SCAGGS, *Contestee.*

"Be it remembered that upon the trial of the above entitled proceedings, Tennis Hatfield and Emmett F. Scaggs, respectively, to maintain the respective issues involved, introduced the following evidence:

(here insert evidence)

"And the Court doth hereby certify that the foregoing is all the evidence of every kind and character, both documentary and oral, introduced in this contest, both on behalf of the Contestant and Contestee, and the foregoing being all the evidence so introduced, the Contestant moved the Court to set aside its findings and judgment and to declare the true result of the election to be in favor of Contestant, which motion being argued by counsel and considered by the Court was overruled and disallowed, and final judgment rendered in favor of the Contestee, dismissing the Contestant's notice of contest, at cost of Contestant, to which action and ruling of the Court in overruling said motion to set aside its finding and judgment and to enter up judgment in favor of the Contestant, and in entering up its final judgment in favor of the Contestee, the Contestant, Tennis Hatfield, excepted and this, his Bill of Exception, is signed, sealed and saved to him and marked for identification 'Bill of Exceptions No. 1', and made a part of the record in this proceeding.

> "ROBERT BLAND    (SEAL)
> Judge of the Circuit Court
> of Logan County, West Va."

99 W. Va.

"TENNIS HATFIELD, *Contestant,*
    *v.*    Upon Contest for the Office of Sheriff
EMMET F. SCAGGS, *Contestee*

"Be it further remembered that upon the trial
of the above entitled cause the Contestant, to
maintain the issue on his part, offered in evidence
the final order of the County Court of Logan
County, West Virginia, sitting ex-officio as a
Board of Canvassers, which final order is in the
words and figures following, to-wit:

" (here insert the Order of the Board of
Canvassers)

"And the Court doth hereby certify that the
foregoing is a true and correct copy of said Order,
and this, his Bill of Exceptions, is signed, sealed
and saved to him and marked for identification
'Bill of Exceptions No. 2', and made a part of the
record in this proceeding.

                    "ROBERT BLAND        (SEAL)
                    Judge of the Circuit Court
                    of Logan County, West Va."

"TENNIS HATFIELD, *Contestant,*
    *v.*    Upon Contest for the Office of Sheriff
EMMET F. SCAGGS, *Contestee*

"This, the 27 day of May, 1925, came the Con-
testant, Tennis Hatfield, and presented to the
Court his Bill of Exceptions No. 1, which is a
transcript of all the evidence, stipulations, exhibits
and agreements, considered by the Court in the
hearing of said contest, and his Bill of Exceptions
No. 2, in which is included the final order of the
County Court of said County, sitting as a Board
of Canvassers, and it appearing to the Court that
the said two bills of exceptions are presented
within thirty days from the entering and final
order and judgment of the Court in the said
contest.

"It is hereby ordered that the said two bills of
exceptions hereinbefore referred to, be, and the
same are hereby signed, sealed and made a part of
the record in said cause, and the Clerk of the

Circuit Court of said County is hereby directed
to enter this order as a vacation order.

"ROBERT BLAND,
Judge of Cir. Ct. of
Logan County."

Similar certificates and order were signed by the circuit
judge in each of the cases.

Considering first the stipulation: It merely provides that
the evidence submitted to the county court should be con-
sidered by the circuit court along with other proof to be
offered by the parties. It not appearing what evidence was
considered by the county court nor what additional proof
was taken before the circuit court, this agreement can have
no bearing upon the question at issue.

Coming next to the certificates, which constitute what are
usually termed "skeleton bills of exception", and to the
order thereon, we find them wholly insufficient to make the
evidence presented to the circuit court a part of the record.
There are no documents among the papers presented here
entitled "Bill of Exceptions No. 1" or "Bill of Exceptions
No. 2". A large volume of testimony is found bearing the
certificate of Charles V. Price, shorthand reporter, stating:

"I, Charles V. Price, a shorthand reporter, do
hereby certify that, having been first duly sworn
for that purpose, I reported in shorthand the evi-
dence introduced before the County Court of Lo-
gan County, West Virginia, in the foregoing
election contests, and that the foregoing is a true
and correct transcript of said evidence as so re-
ported by me in shorthand.

"Given under my hand this 13th day of Feb-
ruary, 1925.

"CHARLES V. PRICE,
Shorthand Reporter."

Evidence taken down, transcribed and certified by an of-
ficial stenographer as a true and correct transcript of the
evidence is, however, not a part of the record and can only
be made such by a proper bill of exceptions. *Coal Run Coal
Co.* v. *Cecil*, 94 W. Va. 116.

There is also a carbon copy of an unauthenticated batch of typewritten sheets of paper in the form of questions and answers, without mark of identification, bearing the title:

"In the Circuit Court of Logan County, West Virginia

"I. M. CONLEY *vs.* SIMP THOMPSON
            and                    Election Contest
TENNIS HATFIELD *vs.* E. F. SCAGGS

"The following testimony is taken in support of the contestees, I. M. Conley and Tennis Hatfield, upon and in support of the notice of contest now pending in said court." ·

This document is likewise fugitive; but if it and the testimony certified by the stenographer be treated as evidence, there is still nothing to show that they constitute all the evidence.

"While what is familiarly known as a skeleton bill of exception, that is, a bill which provides for the subsequent copying by the clerk into it and as a part of it, some paper or document, is allowed, yet, to make such a bill valid and complete, these rules must be regarded: (1) The bill, in referring to such paper or document, must purport to in- corporate it into, and make it a part of, the bill; a mere reference to it, although such as to identify it beyond doubt, or a statement that it was in evidence, is not sufficient. (2) The document must itself at the time of the signature of the bill, be in existence, written out and complete. (3) It must be annexed to the bill, and referred to as annexed; or it must be so marked, by letter, number or other means of identification as to leave no doubt, when found in the record, that it is the one referred to in the bill; and these means of identification must be obvious to all, so that any one examining the record can know what document or paper is to be inserted, or after its insertion, that the clerk has made no mistake." · *Tracy's Administratrix* v. *The Carver Coal Company,* 57 W. Va. 587.

The purported bills of exception, tested by these requirements, are wholly insufficient to make the evidence before the circuit court a part of the record in any of the cases. It may be that Bill of Exceptions No. 2, purporting to make a part of the record the final order of the county court of Logan county, sitting as ex-officio board of canvassers, is sufficient for that purpose, there being among the papers a purported copy of such order. This fragment of evidence, however, in the absence of the remaining proof considered by the circuit court, can serve no purpose here.

The writs will therefore be dismissed as having been improvidently awarded.

*Dismissed.*