# CHARLESTON.

## State *v.* Rupert Christian

### (No. 5548)

Submitted April 27, 1926.     Decided May 4, 1926.

1. CRIMINAL LAW.

   A bill of exceptions not signed by the trial judge cannot be considered by the appellate court.  (p. 580.)

   (Criminal Law, 17 C. J. § 3428.)

2. SAME—*Though Transcript of Justice's Docket Shows Accused Was Tried and Convicted on Warrant Charging Offense, Where Record Shows Trial in Circuit Court on Warrant Not Charging Any Offense, Motion in Arrest, of Judgment Should be Sustained (Code, c. 32a, §§ 31, 37; Id. c. 50,¡ § 230).*

   On the trial of an appeal from a judgment of a justice of the peace, though the transcript of the justice's docket shows that the accused was tried and convicted before him on a warrant charging him with an offense, where it appears from the record that the defendant was tried in the circuit court on a warrant not charging him with any offense, his motion in arrest of judgment should be sustained.  (p. 580.)

   (Criminal Law, 16 C. J. § 702 [Anno].)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Wyoming County.

Rupert Christian was convicted for transporting moonshine liquor, and he brings error.

*Judgment reversed; verdict set aside; defendant discharged.*

*J. Albert Toler,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *J. Luther Wolfe,* Assistant Attorney General, for the State.

MILLER, JUDGE:

Upon his appeal from a judgment of a justice of the peace, the defendant was tried in the circuit court and found guilty as charged in the warrant upon which he was tried on said appeal.

The first point raised by counsel for the State on this writ of error is that the transcript of the evidence is not signed by the trial judge. An inspection of the record reveals this to be the fact, and we cannot, therefore consider the evidence introduced on the trial, nor the instructions refused. *Adkins* v. *Globe Fire Ins. Company,* 45 W. Va. 384; *Carr & Keys* v. *Coal Company,* 64 W. Va. 448; *Bashar* v. *Railway Company,* 73 W. Va. 39; *State* v. *Goldstrohm,* 84 W. Va. 129; and *Coal Run Coal Company* v. *Cecil,* 94 W. Va. 116.

The transcript of the justice's docket, transmitted to the clerk of the circuit court pursuant to section 230 of chapter 50 of the Code, recites that upon oath made by R. L. Grim, a member of the state police, that Rupert Christian did unlawfully transport a certain quantity of moonshine liquor, contrary to the laws of the State of West Virginia, the justice issued a warrant for the arrest of said Christian and placed the same in the hands of Frank Gautier, a special constable, who returned the warrant with the following endorsement: "Executed the within warrant, on the 8th day of November, 1924, by arresting the within Rupert Christian and bringing him before John R. Cook, Justice of the Peace of Slab Fork District, Wyoming County, West Virginia;" and that the said Rupert Christian was arraigned before said justice, and was tried and found guilty as charged in the complaint. The justice further certified "that the warrant of arrest, and all other papers in said case are herewith returned and accompany the transcript."

The warrant upon which the defendant was tried in the circuit court, as evidenced by the verdict of the jury endorsed thereon, and the certificate of the clerk of the court, charges that one Jim Fannin, on a certain day, did unlawfully and feloniously own, operate, maintain, possess and have an interest in a moonshine still, kept and secreted in a certain automobile bearing license number 137681, in Wyoming County, contrary to the laws of the State of West Virginia, and commands the officer to whom it is directed to "apprehend the said James Fannin and Rupert Christian" and bring them before the justice issuing the warrant or some

other justice of said county, and to search the automobile described and the persons of "James Fannin and all other occupants" of the automobile, and to seize all liquors, etc., found therein. The return on this warrant recites: "Executed the within writ on the 8th day of November, 1924, by arresting and delivering the body of Jim Fannin and Rupert Christian to John R. Cook, Justice of the Peace, Slab Fork District, Wyoming County, West Virginia. (Signed) R. L. Grim, S. P." This warrant was directed, "To ........................., Sheriff, or any Constable of said County."

Section 31, chapter 32A of the Code, makes it a misdemeanor for any person to bring or carry into the state or carry from one place to another within the state any quantity of intoxicating liquors; and section 37 of the same chapter provides that any person owning, operating, maintaining or having in his possession, or having any interest in any moonshine still, shall be guilty of a felony.

Counsel for the State insists that we must look to the transcript of the justice's docket for the charge upon which the accused was originally tried, to ascertain the charge upon which he was tried upon appeal; and that we must presume that the proceedings in the circuit court were regular, and that the defendant was tried therein on the same warrant and charge on which he was tried before the justice. But the record conclusively shows that he was tried in the circuit court on the warrant charging Jim Fannin with a felony. The following verdict, as certified by the clerk of the court, is endorsed on this warrant: "We the jury find the defendant Rupert Christian guilty as charged in the within warrant. J. P. Lusk, Foreman." And this warrant does not charge Rupert Christian with any offense.

His demurrer and motion to quash the warrant being overruled, defendant pleaded not guilty, and after verdict moved the court in arrest of judgment, which motion was overruled. Exceptions were taken to these rulings of the court.

It clearly appearing from the record that defendant was tried on a warrant not charging him with an offense, his motion in arrest of judgment should have been sustained. "A

motion in *arrest of judgment* is an application to the court, on the part of the defendant, that judgment for the plaintiff be arrested or withheld, on the ground that there is some error *appearing on the face of the record* which vitiates the proceedings. In consequence of such error, in whatever part of the record it may arise, from the commencement of the suit to this period, the court is bound to arrest the judgment." 4 Minor's Inst. (3rd ed.) Pt. 2, page 939. *Commonwealth* v. *Chalmers*, 2 Va. Cas. 76; *State* v. *Vest*, 21 W. Va. 796; *Gerling* v. *Insurance Co.*, 39 W. Va. 689; *State* v. *Davis*, 87 W. Va. 184, and cases cited.

The judgment will be reversed, the verdict of the jury set aside, and the defendant discharged.

*Judgment reversed; verdict set aside; defendant discharged.*