STATE OF WEST VIRGINIA

*v.*

GEORGE THOMAS JONES

(No. 9744)

Submitted January 9, 1946.  Decided February 19, 1946.

*W. A. Thornhill, Jr.,* for plaintiff in error.

*Ira J. Partlow,* Attorney General, and *Ralph M. Hiner,* Assistant Attorney General, for defendant in error.

LOVINS, JUDGE:

George Thomas Jones was convicted in the Criminal Court of Raleigh County of murder in the second degree for the killing of Robert Tate, and was sentenced to the peniteniary for a term of five to eighteen years.  The

circuit court of said county affirmed the judgment, and, on defendant's petition, this Court granted a writ of error.

Defendant met deceased in the Village of Edwight in the afternoon of Easter Sunday, 1944, and they began to drink intoxicants at a residence in that village. On leaving the place where the liquor was purchased, they quarreled about a trivial matter, which resulted in the deceased striking defendant with a rock or piece of coal. Deceased, at the solicitation of the accused, agreed to cease fighting and started to leave the scene of the fight, at which time defendant struck deceased knocking him down. Deceased arose and procured two rocks, renewed the quarrel, but did not strike defendant. Thereupon, defendant went to the home of one Titus, located near the scene of the fight, remained there six or eight minutes, procured a knife, and returned to the place where deceased was standing with the rocks in his hand. At this time a son of deceased, about eighteen years of age, came on this scene, and persuaded deceased to relinquish the rocks. Thereupon defendant attacked deceased and inflicted fatal knife wounds in deceased's back and chest. Defendant cleaned the blood from his knife, threw it away, and started away from the scene of the killing, but shortly thereafter was arrested. There is testimony to the effect that defendant, during the altercation and immediately before the fatal knife wounds were inflicted, threatened to kill the deceased.

Defendant, who lives in an adjoining village, insists that he was on his way home at the time of the fight, but it is shown that although he could have reached his home by using the road on which he was traveling with deceased at the commencement of the fight, it was a circuitous route. A more direct route lay in the opposite direction.

The jury panel on the *voir dire* were questioned as to whether either of them was a member of the grand jury which returned the indictment. A member of the panel

who did not serve as a member of the jury that convicted defendant, responded that he was uncertain whether he was a member of said grand jury. No other member of the panel made response to that question. The panel was also questioned as to whether any member thereof had formed or expressed an opinion as to the guilt or innocence of the defendant, and whether any member thereof was sensible of any bias or prejudice in the case, to which question none of them made any response.

After the adjournment of the term at which defendant was convicted, his counsel, in support of a second motion to set aside the verdict, filed his own affidavit purportedly showing that W. A. Fisher was a member of the grand jury that returned the indictment, and was also a member of the petit jury that found the verdict. The affidavit was filed by order entered in vacation. Defendant contends that the trial court erred: (1) In admitting evidence offered by the State over his objection and in rejecting proper evidence offered by him; (2) in refusing to give six instructions tendered by him; (3) in giving two instructions tendered by the State over his objection; (4) in refusing to set aside the verdict, when it was ascertained that a member of the petit jury which returned the verdict had likewise served as a member of the grand jury which found the indictment; and (5) in overruling his motion in arrest of judgment. Other errors assigned are general, and call for no discussion.

Defendant in his brief does not point to any instance wherein the trial court erred in its rulings on the admission or rejection of evidence. Examination of the record herein fails to disclose that the trial court rejected legal evidence or admitted illegal evidence over objection.

Instruction No. 1, tendered by defendant and refused by the court, reads as follows: "The court instructs the jury that under the law and the evidence, you cannot find defendant, George T. Jones, guilty of murder in the first degree nor of murder in the second degree." Defendant's contention is predicated on the proposition

that the evidence adduced fails to show that he was actuated by malice in killing deceased. Malice, express or implied, is an essential element of murder in the second degree, and if absent the homicide is of no higher grade than voluntary manslaughter *State* v. *Paul Roush,* 95 W. Va. 132, 120 S. E. 304; *State* v. *Hurst,* 93 W. Va. 222, 116 S. E. 248; *State* v. *Galford,* 87 W. Va. 358, 105 S. E. 237. The evidence clearly shows that defendant and deceased agreed to stop fighting and thereafter, when deceased turned away, defendant hit deceased "to get even with him"; that deceased arose with two rocks in his hands; that defendant left the scene of the fight, procured his knife, and returned to the fray. Certainly, the defendant could have abandoned the fight and gone his way when he went to obtain a weapon. Moreover, during the altercation defendant threatened to kill deceased. The killing was intentionally done with a deadly weapon. The fatal encounter was not provoked by the deceased, and the use of the weapon was unjustified in the circumstances here shown. An inference of malice may be drawn from such facts. *State* v. *Gunter,* 123 W. Va. 569, 17 S. E. 2d 46. The foregoing evidence is an ample basis for the inference that defendant was actuated by malice in killing the deceased.

Instruction No. 5, offered by defendant and refused, in effect tells the jury that defendant had a right to arm himself upon reasonable apprehension that deceased intended to attack him for the purpose of killing him or doing him serious bodily harm. As noted above, defendant could have avoided further conflict, and was not justified in returning to the scene of the fight and there attacking and killing deceased. Refusal of defendant's instruction No. 5 was not error.

The law of self-defense is stated correctly in defendant's instruction No. 6, but defendant's instruction No. 4, which was given, adequately instructed the jury on that phase of the case. Consequently, there was no prejudicial error in the refusal of the instruction.

Defendant's instructions Nos. 9, 10 and 12 relate to the presumption of innocence, and its binding effect on the jury. These instructions have been approved many times by this Court. However, the subject matter of these instructions is covered by instructions Nos. 8 and 11, given at the instance of defendant.

State's instruction No. 7, in substance, tells the jury that the evidence of threats is for the purpose of showing malice, deliberation or premeditation, and if the jury believes the defendant made threats, such action on the part of defendant may be taken into consideration in arriving at a verdict. Threats against deceased made prior to the homicide are admissible as showing the state of mind of defendant. The Criminal Trial in the Virginias, Lee, Second ed., Section 746. The evidence of threats being admissible, it was proper for the jury to consider that proof as bearing on defendant's malice toward deceased. It is in evidence that defendant during the altercation threatened to kill the deceased, and the giving of said instruction was not error.

Defendant was exonerated of the charge of murder in the first degree by the verdict of the jury. Therefore, no prejudice resulted in giving State's instruction No. 8 defining that crime.

Defendant moved to set aside the verdict, assigning in support of such motion the alleged errors hereinbefore discussed, and also that defendant was not present at all stages of the trial. The record herein does not in any manner disclose that defendant was absent at any stage of the trial.

Another motion to set aside the verdict was made by defendant in vacation of the trial court, in which the verdict was attacked on the ground that W. A. Fisher was a member of the grand jury which returned the indictment, and likewise a member of the petit jury which returned the verdict. It is also recited in the order filing the affidavit that evidence was introduced to show

that defendant was prejudiced by reason of the fact that Fisher served as a petit juror and grand juror as hereinbefore stated. The affidavit was not made a part of the record by a bill of exceptions or certificate of evidence, as provided by statute. No oral testimony showing bias on the part of juror Fisher is found in this record. In the case of *State* v. *Greer,* 22 W. Va. 800, similar affidavits were incorporated in the record by a formal bill of exceptions. We are of opinion that the affidavit here relied on should have been made a part of the record in one of the methods provided by Code, 56-6-35, 36. Since neither the affidavit nor the evidence relative to the bias of the juror Fisher was made a part of the record by bill of exceptions, or a certificate in lieu thereof, they cannot be considered on this writ of error. *Perkins* v. *Hanna,* 127 W. Va. 527, 34 S. E. 2d 7. See *Conley* v. *Thompson,* 99 W. Va. 622, 129 S. E. 397; *Coal Co.* v. *Cecil,* 94 W. Va. 116, 117 S. E. 697.

However, even if this assignment of error were properly presented to this Court, it would not require reversal. *State* v. *McDonald,* 9 W. Va. 456; *Bristow* v. *Commonwealth,* 15 Gratt. 634. Although we held in *State* v. *Cooper,* 74 W. Va. 472, 82 S. E. 358, that a person who served on the grand jury which found the indictment is disqualified for service on the petit jury which tries the issue thereon, such disqualification alone is not sufficient to vitiate the verdict where no objection is raised until after the verdict is returned. When such fact is shown after the verdict, the defendant must prove that the juror was biased or that some injustice resulted. *State* v. *McDonald, supra.* The proof necessary to set aside a verdict on the ground that a petit juror was incompetent to act is discussed and set forth with clarity at page 820 *et seq.* of this Court's opinion in the case of *State* v. *Greer, supra.*

Defendant assigns as error the overruling of his motion in arrest of judgment. A motion in arrest of judgment lies only for material error apparent on the face of the record, and cannot be based on matters not a part

of the record *per se.* Wharton's Criminal Procedure, 10th ed., Section 1692; Burk's Pleading and Practice, Third ed., page 560. Such error is not disclosed by this record, and the motion in arrest of judgment was properly overruled.

We find no prejudicial error, and accordingly the judgments of the Circuit and Criminal Courts of Raleigh County are affirmed.

*Affirmed.*