435 S.E.2d 180

**Don McCLAY and Mountain Top Realty Inc., Plaintiffs Below, Appellees,**

v.

**MID–ATLANTIC COUNTRY MAGAZINE, Defendant Below, Appellant.**

**No. 21399.**

Supreme Court of Appeals of West Virginia.

Submitted May 11, 1993.

Decided July 15, 1993.

Daniel T. Booth, Martin & Seibert, L.C., Martinsburg, for defendant below, appellant.

No appearance for the plaintiffs below, appellees.

PER CURIAM:

Mid–Atlantic Country Magazine, a Virginia corporation, appeals an order of the Circuit Court of Tucker County granting a default judgment against it in the amount of $66,500 to Don McClay and Mountain Top Realty, Inc., a domestic corporation. On appeal, Mid–Atlantic maintains that because of defective service of process the circuit court lacked personal jurisdiction over it. Because we agree that the circuit court lacked personal jurisdiction over Mid–Atlantic, we reverse the order of the circuit court.

On December 19, 1990, the appellees [1] instituted a civil action in the Circuit Court of Tucker County against Mid–Atlantic alleging that Mid–Atlantic had breached their contract when the appellees' realty advertisement did not appear in the magazine's issue featuring Canaan Valley and Tucker County, the areas served by the appellees, but did appear in a different issue that did not feature any areas served by the appellees. The complaint alleges that Mr. McClay paid $1,500 for the advertisement. The complaint, which also alleges that Daniel T. Booth, Esq. is Mid–Atlantic's agent, was mailed to Mr. Booth, who according to the Certificate of Service is Mid–Atlantic's "named counsel of record."

Before the complaint was filed by letter dated November 6, 1990, Mr. Booth attempted to collect $1,619.50, which Mountain Top allegedly owed to Mid–Atlantic for the adver-

1. Although we are using the spellings of parties' names found in the circuit court's order, various pleadings used the following names: Don Maclay and Mid Atlantic Country Magazine.

tisement. In his letter, Mr. Booth said that his firm had "been retained by Mid–Atlantic Country to collect an account due and owing" by Mountain Top and that "[a]ll communications and correspondence relating to this account must be directed to this office." After Mr. Booth received the complaint, he filed a motion to dismiss pursuant to Rule 12(b) of the *W.Va. RCP* with his affidavit averring that he was not the agent of Mid–Atlantic to accept service of process in West Virginia.

On January 28, 1991, the appellees filed an amended complaint. A certified copy of the amended complaint was mailed to Mid–Atlantic's corporate address in Virginia and a copy was mailed to Mr. Booth. On February 22, 1991, Mid–Atlantic filed a motion to dismiss alleging that service by publication was insufficient to obtain an *in personam* judgment against Mid–Atlantic.

On August 1, 1991, the appellees filed a motion for default judgment and Mid–Atlantic objected asserting that the default judgment motion was improper before the resolution of its motions to dismiss. After a hearing, the circuit court granted the appellees judgment by default. After the circuit court refused to set aside the judgment, Mid–Atlantic appealed to this Court.

I

█ Although Mid–Atlantic raises several issues concerning the lower court's procedures, the central question concerns the circuit court's jurisdiction. In Syl. pt. 3, *State ex rel. Smith v. Bosworth*, 145 W.Va. 753, 117 S.E.2d 610 (1961), we stated our long recognized rule on jurisdiction:

> To enable a court to hear and determine an action, suit or other proceeding it must have jurisdiction of the subject matter and jurisdiction of the parties; both are necessary and the absence of either is fatal to its jurisdiction.

*See* Syl. pt. 1, *Schweppes U.S.A. Limited v. Kiger*, 158 W.Va. 794, 214 S.E.2d 867 (1975).

The valid exercise of *in personam* jurisdiction by a circuit court over a nondomestic corporation depends upon "two elements,

amenability to jurisdiction and service of process." *Terry v. Raymond International, Inc.*, 658 F.2d 398, 401 (5th Cir.1981), *cert. denied*, 456 U.S. 928, 102 S.Ct. 1975, 72 L.Ed.2d 443 (1982). In the present case, Mid–Atlantic maintains that the appellees' service of process was defective. Service of process is the "physical means by which jurisdiction is asserted." *Terry id.*

Rule 4(d) of *W.Va. RCP* states, in pertinent part:

> Personal or substituted service of process shall be made by delivering or mailing within the State a copy of the summons and of the complaint together, in the manner prescribed in this subdivision.... Personal or substituted service shall be made in the following manner:

> \*     \*     \*     \*     \*     \*

> (8) Foreign Corporations and Business Trusts Not Qualified to Do Business.— Upon a foreign corporation, including a business trust, which has not qualified to do business in the State, (A) by delivering a copy of the summons and of the complaint to any officer, director, trustee, or agent of such corporation; or (B) by delivering copies thereof to any agent or attorney *in fact authorized by appointment or by statute to receive or accept service in its behalf.*

*W.Va.Code* 56–3–14 [1931] states, in pertinent part, that service of process on a foreign corporation "not qualified to do such business under the laws of this State, ... may be made by delivering, within the State, a copy of the process or notice to any officer, director or agent of such corporation acting or transacting business for it in this State."

█ First, the appellees attempted service of process by mailing the summons and complaint to Mr. Booth, a lawyer who wrote a collection letter for Mid–Atlantic. The appellees, based on the collection letter, allege that Mr. Booth is an agent or an attorney in fact for Mid–Atlantic. However, by an affidavit, Mr. Booth denies that he is authorized to act as Mid–Atlantic's general agent or general counsel, or to accept service of pro-

cess for Mid–Atlantic. In *Adkins v. Globe Fire Ins. Co.*, 45 W.Va. 384, 387, 32 S.E. 194, 195 (1898), we discussed a similar case in which the service of process alleged that the lawyer served was the insurance · company's attorney in fact but the return did not state that this lawyer "was attorney appointed by the company to accept service of process." In *Adkins,* this Court, discussing the return of a service of process that said the summons was served "by delivering a copy to Alf. Paul, attorney in fact and of record for said Globe Fire Insurance Company" said:

> Attorney in fact for what purpose? To make a deed, or sell property, or accept service of process? The return does not say.... The facts making the substitute a proper person for service under the law must appear.... This return says that Paul was attorney of record. · This does not help. If attorney for any purpose, his power might be of record. We cannot assume therefrom that he was attorney to accept service.

*Adkins,* 45 W.Va. at 387, 32 S.E. at 195. *See also Pueblo of Santa Rose v. Fall,* 273 U.S. 315, 47 S.Ct. 361, 71 L.Ed. 658 (1927) (holding that no one has the right to appear as another's lawyer without the authority to do so); *Stone v. Bank of Commerce,* 174 U.S. 412, 421, 19 S.Ct. 747, 750–51, 43 L.Ed. 1028 (1899) ("The authority of an attorney commences with his retainer. He cannot while acting generally as an attorney for an estate or a corporation accept service of process which commences the action without any authority so to do from his principal").

Based on the record in the present case, we find that the service of process on Mr. Booth was invalid under Rule 4(d)(8)(A) of the *W.Va. RCP* because Mr. Booth was not an agent for Mid–Atlantic and was not authorized to accept service of process.

## II

■ The appellees also attempted service by mailing a copy of the amended complaint to Mid–Atlantic's corporate address in Virgi-

nia. Rule 4(d)(8)(B) allows service upon "any agent or attorney in fact authorized by appointment or by statute to receive or accept service in its behalf." [2] *W.Va.Code* 31–1–15 [1984], sometimes referred to as our long-arm statute, authorizes the Secretary of State to act as the attorney in fact for the acceptance of service of notice and process for all domestic corporations and for all foreign corporations authorized to do business in West Virginia. In addition, *W.Va.Code* 31–1–15 [1984] authorizes the Secretary of State to act as the attorney in fact to accept service of notice and process for foreign corporations that do business in West Virginia without having been authorized. *W.Va.Code* 31–1–15 [1984] states, in pertinent part:

> Any foreign corporation which shall conduct affairs or do or transact business in this State without having been authorized so to do pursuant to the provisions of this article shall be conclusively presumed to have appointed the secretary of state as its attorney-in-fact with authority to accept service of notice and process on behalf of such corporation and upon whom service of notice and process may be made in this State for and upon every such corporation in any action or proceeding described in the next following paragraph of this section. No act of such corporation appointing the secretary of state as such attorney-in-fact shall be necessary.

> .     .     .     .     .

> For the purpose of this section, a foreign corporation not authorized to conduct affairs or do or transact business in this State pursuant to the provisions of. this article shall nevertheless be deemed to be conducting affairs or doing or transacting business herein (a) if such corporation makes a contract to be performed, in whole or in part, by any party thereto, in this State, (b) if such corporation commits a tort in whole or in part in this State, or (c) if such corporation manufactures, sells, offers for sale or supplies any product in a defective condition and such product

---

**2.** *See supra* part I for Rule 4(d)(8).

causes injury to any person or property within this State notwithstanding the fact that such corporation had no agents, servants or employees or contacts within this State at the time of said injury. The making of such contract, the committing of such tort or the manufacture or sale, offer of sale or supply of such defective product as hereinabove described shall be deemed to be the agreement of such corporation that any notice or process served upon, or accepted by, the secretary of state pursuant to the next preceding paragraph of this section in any action or proceeding against such corporation arising from, or growing out of, such contract, tort, or manufacture or sale, offer or supply of such defective product shall be of the same legal force and validity as process duly served on such corporation in this State.

*See also, W.Va.Code* 56–3–33 [1984] (a second long-arm statute permitting the exercise of personal jurisdiction on a nonresident defendant in particular circumstances and authorizing service of the summons and complaint through the Secretary of State, who in the prescribed circumstances becomes a non-resident's attorney-in-fact).

In *Schweppes U.S.A. Limited,* we discussed *W.Va.Code* 31–1–15 [1984] and noted that "the legislature in its endeavor to lessen the burden of a resident injured in this state by an act of a foreign corporation provided a method of obtaining personal service on such corporation, making it amenable to the jurisdiction of our courts so that in an action instituted against it an *in personam* judgment could be rendered." *Schweppes U.S.A. Limited,* 158 W.Va. at 797–98, 214 S.E.2d at 869–70.

*W.Va.Code* 31–1–15 [1984] does not grant the Secretary of State unlimited authority to accept service for every foreign corporation not authorized to do business in this State. Rather, this code provision makes service through the office of the Secretary of State on an unauthorized foreign corporation per-

missible in the following three circumstances: (1) if a corporation "makes a contract to be performed, in whole or in part, by any party thereto, in this State;" (2) if a corporation "commits a tort in whole or in part in this State;" and (3) if a corporation "manufactures, sells, offers for sale or supplies any product in a defective condition" which cause injury to any person or property "within this State." *W.Va.Code* 31–1–15 [1984]. *See also W.Va.Code* 56–3–33(a) [1984] for a listing of the acts that are "deemed equivalent to an appointment ... of the secretary of state" as a nonresident's attorney.

In Syl. pt. 1, *Hodge v. Sands Mfg. Co.,* 151 W.Va. 133, 150 S.E.2d 793 (1966), we recognized that "the maintenance of an action in the forum ... [should] not offend traditional notions of fair play and substantial justice." *See also Hill by Hill v. Showa Denko, K.K.,* 188 W.Va. 654, 425 S.E.2d 609 (1992) *cert. denied,* —— U.S. ——, 113 S.Ct. 2338, 124 L.Ed.2d 249 (1993); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985) (requiring a "substantial connection" created by a defendant's conduct with the forum to establish minimum contacts); *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County,* 480 U.S. 102, 117, 107 S.Ct. 1026, 1035, 94 L.Ed.2d 92 (1987) (personal jurisdiction "premised on the placement of a product into the stream of commerce is consistent with the Due Process Clause").

In the present case, the complaint alleges that a Virginia corporation contracted with a West Virginia corporation in West Virginia to publish an advertisement in their magazine. In its brief, Mid–Atlantic concedes that because its actions established minimum contacts with West Virginia, service through the Secretary of State would be proper. However, the appellees did not seek service through the Secretary of State but rather directly mailed the amended complaint to Mid–Atlantic's Virginia address.[3]

---

**3.** When the Secretary of State receives a process or notice for an unauthorized foreign corporation, the Secretary files one copy in his office and

"transmit[s] one copy of such process or notice by registered or certified mail, return receipt requested, to such corporation at the address of

*W.Va.Code* 56–3–14 [1931] states, in pertinent part: ·

> If such corporation has not qualified to do such business under the laws of this State, service may be made by delivering, within the State, a copy of the process or notice to any officer, director or agent of such corporation acting or transacting business for it in this State.
>
> If there be no statutory attorney in fact, officer, director or agent found in this State upon whom service may be had as aforesaid, then on affidavit of that fact an order of publication may be awarded as provided by sections twenty-three and twenty-four [§§ 56–3–23 and 56–3–24] of this article.

In the present case, Mid–Atlantic acknowledges that under *W.Va.Code* 31–1–15 [1984] the Secretary of State is its statutory attorney in fact and therefore, under *W.Va.Code* 56–3–14 [1931] the appellees should have served the Secretary of State and not attempted service by publication. In addition, we note that the appellees did not comply with the requirements for service by publication set forth in *W.Va.Code* 56–3–23 [1923] and –24 [1967].[4]

■ In Syl. pt. 2, *Schweppes U.S.A. Limited,* we stated:

> A foreign corporation not authorized to do business in this state is amenable to service of process and subject to the jurisdiction of the courts of this state if such process is served upon and accepted by the state auditor *only* in the three instances described in the third paragraph of Code, 1931, 31–1–71, as amended, namely, (a) if such corporation makes a contract to be

performed in whole or in part, by any party thereto, in this State; (b) if such corporation commits a tort in whole or in part in this State; or, (c) if such corporation manufactures, sells, or supplies any product which causes injury to a person or property within this State.

*See also* Syl. pt. 3, *Smith v. Smith,* 140 W.Va. 298, 83 S.E.2d 923 (1954); *S.R. v. City of Fairmont,* 167 W.Va. 880, 884, n. 4, 280 S.E.2d 712, 715 n. 4 (noting that "*Schweppes* does not give effect to the first quoted paragraph of the statute nor to Syllabus Point 1 of *Hodge v. Sands Manufacturing Company* . . .").

In order to make a corporation amenable to the jurisdiction of our State's courts, service of process must be made in this State on (1) "any officer, director, trustee or agent" of the corporation (Rule 4(d)(8)(A)) or (2) "any agent or attorney in fact authorized by appointment or by statute to receive or accept service in its behalf" (Rule 4(d)(8)(B)). *W.Va. Code* §§ 31–1–15 [1984] and 56–3–33 [1984] appoint the Secretary of State as attorney in fact for all foreign corporations that have minimum contacts, as described in the code sections, with this State. If "no statutory attorney in fact, officer, director or agent [is] found in this State," then service of process may be made by publication (*W.Va. Code* 56–3–14 [1931] ), but such service is insufficient for *in personam* jurisdiction. Strict compliance with the statutory provisions prescribing the service of process is required. "The general principle that where a particular method of serving process is prescribed by statute that method must be

---

its principal office...." *W.Va. Code* 31–1–15 [1984]. The code further provides when such service is sufficient. *See also W.Va. Code* 56–3–33(c) [1984].

4. *See Teachout v. Larry Sherman's Bakery, Inc.,* 158 W.Va. 1020, 216 S.E.2d 889 (1975) (attempted service on a nonresident defendant by publication and mailing copies of summon and complaint does not confer jurisdiction over the defendant's person); *Central Operating Co. v. Utility Workers of America, AFL–CIO,* 491 F.2d 245, 251 (4th Cir.1974) ("Service upon the state auditor [now Secretary of State] is the only authorized manner" for acquiring *in personam* jurisdiction over a foreign corporation not found in the

State); *Fabian v. Kennedy,* 333 F.Supp. 1001, 1005 (N.D.W.Va.1971) ("No statute or rule of the State of West Virginia, pursuant to Rule 4(e), Federal Rules of Civil Procedure, provides that in personam jurisdiction can be had over a non-resident served outside the state"); *Tennant's Heirs v. Fretts,* 67 W.Va. 569, 68 S.E. 387 (1910) (although service by publication cannot authorize the rendition of a personal judgment against a nonresident so served, such service authorizes a court to pronounce an *in rem* judgment); *Birch v. Covert,* 83 W.Va. 752, 99 S.E. 92 (1919) (a suit for specific performance against a nonresident vendor of land can be maintained on order of publication).

followed is especially exacting in reference to the service of process on a corporation defendant. A strict compliance with the statute is necessary to confer jurisdiction of the court over a corporation." *Schweppes U.S.A. Limited,* 158 W.Va. at 800, 214 S.E.2d at 871 (quoting 19 Am.Jur.2d, Corporations, Section 1462).

In Syllabus Point 4, *State ex rel. Smith v. Bosworth, supra,* we said:

A court which has jurisdiction of the subject matter in litigation exceeds its legitimate powers when it undertakes to hear and determine a proceeding without jurisdiction of the parties.

Therefore, we find that because the circuit court did not have jurisdiction over the parties, the circuit court's order granting default judgment is void. Because we reverse for lack of jurisdiction, our reversal is without prejudice to the appellees' right to seek further relief if valid service of process is effected.

For the above stated reasons, the judgment of the Circuit Court of Tucker County is reversed.

Reversed.