Sylvia Claudette VASS, Plaintiff,

v.

VOLVO TRUCKS NORTH AMERICA, INC.; Volvo Logistics North America, Inc., and John Doe Volvo Corporation, Defendants.

No. CIV.A. 2:03–2286.

United States District Court, S.D. West Virginia, Charleston Division.

Jan. 16, 2004.

Robert B. Allen, Philip J. Combs, Allen Guthrie McHugh & Thomas, Charleston, WV, for Plaintiff.

Gretchen M. Callas, Christopher D. Pence, Jackson Kelly, Charleston, WV, for Defendants.

## MEMORANDUM OPINION AND ORDER PRELIMINARILY RECOGNIZING PERSONAL JURISDICTION AND TRANSFERRING ACTION

HADEN, District Judge.

Pending are the motions of Volvo Logistics North America, Inc. (Volvo Logistics) 1) to dismiss for lack of personal jurisdiction and insufficiency of service of process, 2) to transfer to the United States District Court for the Western District of Virginia at Roanoke, and 3) to dismiss for failure to state a claim upon which relief can be granted, the last motion made jointly with Volvo Trucks North America, Inc. (Volvo Trucks). The motions to dismiss for lack of personal jurisdiction and insufficiency of service of process are **DENIED** without prejudice. Because the Court also **GRANTS** the motion to transfer the action to the Bluefield division, the remaining motion will be transferred to Chief Judge Faber for resolution.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Michael Vass, a truck driver from Monroe County, West Virginia was employed by Camrett Dedicated Logistics. On January 8, 2003 Mr. Vass was transporting a load of Volvo truck parts from the Dublin, Virginia Volvo Trucks plant to a Volvo Logistics storage facility several miles away. According to the Complaint, the load he was transporting had been negligently loaded by Volvo employees. The load shifted in route, and when the trailer doors were opened, the materials fell from the trailer and crushed and killed Mr. Vass. Plaintiff Sylvia Claudette Vass, the widow, is the Administratrix and Personal Representative of Vass's estate. She brought this wrongful death action, which was removed to this Court based on diversity jurisdiction.

## II. DISCUSSION

### A. Personal Jurisdiction: Standard of Review

 When a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal jurisdiction. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir.2003)(citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989)). In deciding whether the plaintiff has made the requisite showing, the Court must resolve all disputed facts and reasonable inferences in favor of the plaintiff. *Id.* (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir.1993)). The burden of proving *in personam* jurisdiction rests with the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Mere allegations of personal jurisdiction are sufficient for a party to make a *prima facie* showing. *Dowless v. Warren–Rupp Houdailles, Inc.*, 800 F.2d 1305, 1307 (4th Cir.1986). If the existence of jurisdiction turns on disputed factual questions, the court ultimately may resolve the challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question. *Combs*, 886 F.2d at 676.

### B. Personal Jurisdiction

 *Federal Rule of Civil Procedure* 4(k)(1)(A) provides a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *Carefirst*, 334 F.3d at 396 (citing *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir.1997)). For a district

court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. *Id.* (citing *Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan,* 259 F.3d 209, 215 (4th Cir.2001)); *see also* Syl. pt. 5, *Abbott v. Owens–Corning Fiberglas Corp.,* 191 W.Va. 198, 444 S.E.2d 285 (1994). The West Virginia long-arm statute relating to corporations is found at *West Virginia Code* section 56–3–33.[1] As the Fourth Circuit recognized, however, "[b]ecause the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary ... to go through the normal two-step formula for determining the existence of personal jurisdiction. Rather the statutory inquiry necessarily merges with the Constitutional inquiry." *In re Celotex Corp.,* 124 F.3d 619, 627–28 (4th Cir.1997).

To satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that requiring it to defend its interests here would not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Those minimum contacts necessary to confer jurisdiction are limited to those activities by which a person "purposely avails itself of the privilege of conducting activities within the forum state." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *see also In re Celotex,* 124 F.3d at 628 (the minimum contacts must be "purposeful"). This occurs where the

contacts "proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum state," *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)(emphasis in original), or where the defendant's efforts are "purposefully directed" at the state. *Id.* at 476, 105 S.Ct. 2174.

The West Virginia long-arm statute, W. Va.Code § 56–3–33(a), provides a nonresident corporation is subject to personal jurisdiction in this State if it engages in any of the following activities:

> (1) Transacting any business in the State;
>
> (2) Contracting to supply services or things in this State;
>
> . . . . .
>
> (4) Causing tortious injury in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent court of conduct, or drives substantial revenue from goods used or consumed or services rendered in this State;

*Id.* Additionally:

> (b) When jurisdiction over a nonresident is based solely upon the provisions of this section, only a cause of action arising from or growing out of one or more of the acts specified in subdivisions (1) through (7), subsection (a) of this section may be asserted against him.

W. Va.Code § 56–3–33(b)(2003).

Volvo Logistics provides an affidavit by its President Susan Alt who avers:

> 13. Volvo Logistics ... occasionally purchases office and first aid supplies from a company based in West Virginia.

---

1. The previous state long-arm statute for corporations, found at W. Va.Code § 31–1–15 was repealed, effective October 1, 2002. In its stead, the West Virginia Business Corporation Act, *West Virginia Code* Chapter 31D prescribes service on corporations at §§ 31D–5–504 and service on foreign corporations at 31D–15–1510. However, § 31D–15–1510(f) provides: "This section does not prescribe the only means, or necessarily the required means, of serving a foreign corporation."

14. Volvo Logistics ... entered into a contract with Volvo Trucks ... to fulfill certain of Volvo Trucks' ... transportation needs.

15. Volvo Logistics ... serves as an intermediary between Volvo Trucks ... and common carriers. Volvo Logistics ... negotiates with certain common carriers for the cost of pick-up and delivery of goods on certain routes required by Volvo Trucks.

16. These common carriers pick up goods from locations in West Virginia and make deliveries to West Virginia at the request of Volvo Trucks[.]

(Volvo Logistics' Mot. to Dismiss, Ex., Alt Aff. ¶¶ 13–16.)

█ Plaintiff argues Volvo Logistics regularly transacts business in the state by contracting to supply the common carrier delivery services for Volvo Truck, picking up and delivering goods in the state. The Complaint states that Volvo Trucks has dealerships in Huntington, Parkersburg, Wheeling, Princeton, and Charleston, West Virginia. (Compl.¶ 3.) Volvo Logistics counters that all its business in West Virginia in any way connected with truck deliveries and so, potentially, to Plaintiff's death, was performed by independent contractors. As a noted commentator explains:

> [I]f the nonresident corporation's business in the state is conducted by independent contractors with only limited power to act on behalf of the corporation, then the corporation probably will not be held to be doing business in the state and therefore will not be amenable to service of process.

4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*

§ 1069.2 (3d ed.2003)(collecting cases). As the Complaint further states, however, "Volvo has established a complex network of interrelated companies and wholly owned subsidiaries which have the effect of obscuring the relationships between the entities." (Compl.¶ 9.) Further, Volvo Logistics is, upon information and belief, a wholly owned subsidiary of Volvo. (*Id.* ¶ 9.) Although the Alt affidavit is the only evidence before the Court on these issues, Plaintiff does request, at a minimum, an opportunity for discovery on these issues. Considering the very low threshold showing necessary to establish a *prima facie* case of personal jurisdiction, and based on the allegations in the Complaint, particularly the complex relationships of Volvo entities, some of which unquestionably do extensive business in West Virginia, and Alt's affidavit showing Volvo Logistics arranges truck deliveries of Volvo parts into West Virginia, the Court **FINDS** and **CONCLUDES** Plaintiff has established the minimum requirements necessary to assert personal jurisdiction over Volvo Logistics. The motion to dismiss on that basis is **DENIED** without prejudice.

### B. Sufficiency of Process

Volvo Logistics moves for dismissal for failure to effect proper service. Plaintiff contends in response that Andy Lukoff, Vice–President of Volvo Logistics, was served by paying the required fee and causing the Clerk of the Kanawha County Circuit Court to serve Volvo Logistics with a copy of the Summons and Complaint by certified mail. The Circuit Clerk sent process to Volvo Logistics by certified mail, return receipt requested, delivery restricted.[2] The West Virginia rule for service of process requires service:

---

2. Plaintiff provides a copy of the certified mail return receipt with restricted delivery. Although the poor photocopy quality obscures the details of the information on the form, it

is addressed to Volvo Logistics of North America, Inc. in Greensboro, North Carolina and bears a signature affirming receipt.

(8) Upon a foreign corporation, including a business trust, which has not qualified to do business in the State,

> (A) by delivering or mailing in accordance with paragraph [d](1) above a copy of the summons and complaint to any officer, director, trustee, or agent of such corporation[.]

W. Va. R. Civ. P. 4(d)(8). Subsection (d)(1) further provides in pertinent part:

> (1) Individuals. Service upon an individual other than an infant, incompetent person, or convict may be made by:
>
> . . . . .
>
> (D) The clerk sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee[.]

Volvo Logistics contends Plaintiff failed to send the summons and complaint to an "officer, director, trustee, or agent" of Volvo Logistics. Plaintiff mailed the summons and complaint to Volvo Logistics, delivery restricted to the addressee, i.e., Volvo Logistics. Service was accepted by an agent of Volvo Logistics, whose signature appears on the return receipt. Volvo Logistics does not contend the signature thereon is not that of an agent of the company. *Rule* 4(d)(8) allows mailing to any agent of a foreign corporation.

The issue then is whether the certified mail must be directed to an individual, whether officer, director, trustee, or agent of the corporation. The Supreme Court of Appeals of West Virginia explained:

> The general principle that where a particular method of serving process is prescribed by statute that method must be followed is especially exacting in reference to the service of process on a corporation defendant. A strict compliance with the statute is necessary to confer jurisdiction of the court over a corporation.

*McClay v. Mid–Atlantic Country Magazine,* 190 W.Va. 42, 47–48, 435 S.E.2d 180, 185–86 (1993) (citations omitted). Under subsection (D), it could be argued the "individual" to be served is the corporation and any agent of the corporation may properly acknowledge receipt. However, reading the two sections *in pari materia,* strict construction of the statutory language appears to require mailing to a corporate officer, director, trustee, or agent, directed to the individual with delivery restricted to that addressee. On that basis, service of process by the method Plaintiff used here may be insufficient.

Nevertheless, the question may be moot. Plaintiff also served Volvo Logistics through the Secretary of State as provided under the long-arm statute. If further discovery supports personal jurisdiction over Volvo Logistics under *West Virginia Code* § 56–3–33, Volvo Logistics' engaging in enumerated acts under that statute, discussed above, "shall be deemed equivalent to an appointment by such nonresident of the secretary of state ... to be his true and lawful attorney upon whom may be served all lawful process[.]" W. Va.Code § 65–3–33(a). The motion, therefore, turns on resolution of the issue of personal jurisdiction and, accordingly, is **DENIED** without prejudice.

### C. Change of Venue

■ Volvo Logistics moves to transfer this action to the Western District of Virginia at Roanoke. Plaintiff opposes the transfer, but requests alternatively that the Court transfer the action to the Bluefield division.

■ Title 28, Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

It is well settled that the decision whether to transfer a matter to another district is committed to the sound discretion of the district court. *AFA Enter. Inc. v. Am. States Ins. Co.*, 842 F.Supp. 902, 908 (1994) (Haden, C.J.) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). District courts have greater discretion to transfer venue under 28 U.S.C. § 1404(a) than to dismiss on the grounds of forum *non conveniens*. *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)).

■ Motions for transfer of venue are to be adjudicated according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart*, 487 U.S. at 29, 108 S.Ct. 2239 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). To resolve a motion to transfer venue, a district court must "weigh in the balance a number of case-specific factors." *Id.*

> Factors commonly considered in ruling on a transfer motion include: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

*AFA*, 842 F.Supp. at 909 (citations omitted).

■ The burden of showing the propriety of transfer rests on the movant, most often the defendant. *Id.* (citations omitted). The plaintiff's choice of forum is accorded considerable weight. *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)) (stating "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). Further, a transfer motion will be denied if it would merely shift the inconvenience from the defendant to the plaintiff. *AFA*, 842 F.Supp. at 909 (citing *Van Dusen*, 376 U.S. at 622 84 S.Ct. 805 (1964)).

Mr. Vass regularly traveled to work from Monroe County, West Virginia to Virginia. The accident in which Vass died occurred near Dublin, Virginia where the truck was loaded. Dublin is located in the Western District of Virginia about fifty miles from Roanoke, one of several places where the district court sits. The individuals who loaded the truck and inspected the load all live and work in Virginia. Witnesses to the loading and the accident, as well as rescue and medical personnel, are all located in the Western District of Virginia. On this basis, Defendants move to transfer the action to the Western District of Virginia.

In response, Plaintiff lists numerous fact witnesses who live in Monroe County, West Virginia, although Plaintiff does not state to what facts these witnesses may testify. The majority of the witnesses are from Lindside, Peterstown, or Union, West Virginia. All of these towns are located thirty or more miles closer to Roanoke, Virginia, which is approximately one hundred miles distant, than to Charleston, West Virginia, one hundred thirty miles away. In contrast, Bluefield, West Virginia is only approximately fifty miles distant from Monroe County and sixty miles from Dublin, Virginia.

Because Bluefield is substantially less than one hundred miles from the Dublin, Virginia area, trial and other subpoenas may issue on the Virginia witnesses under *Rule* 45. Fed.R.Civ.P. 45(b)(2)("a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena"). Similar-

ly, a view of the accident site may be had equally as easily from Bluefield as from Roanoke.

As the discussion developed thus far shows, this controversy is not local to either Virginia where the accident happened or to West Virginia where the harm to the Vass family occurred. This factor does not favor one forum over the other.

Considering the interests of justice, the Plaintiff's choice of forum strongly militates in favor of the West Virginia venue. The transfer to Bluefield also satisfies the factors of convenience of parties and witnesses and accessibility to sources of proof considered under the statute. Accordingly, the Court **TRANSFERS** this action within this district to the Bluefield Division and directs it to the attention of the Honorable David A. Faber, Chief Judge. The remaining motions pend for determination by the judicial officer to which the action is transferred.

## III. CONCLUSION

Defendant Volvo Logistic's motions to dismiss for lack of personal jurisdiction and insufficient service of process are **DENIED** without prejudice. Volvo Logistic's motion to transfer the action to the district court for the Western District of Virginia is **DENIED**, however the action is **TRANSFERRED** to the Bluefield division of this Court.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and Chief Judge Faber. It is also published on the Court's website at http://www.wvsd.uscourts.gov.